Argued and submitted October 26, 1994, reversed and remanded January 25, 1995

In the Matter of the Compensation of
Jesus Fletes, Deceased, Claimant,
and Edwin Hayes, NCE,
and Gabriel Alvarez Lopez, Claimant.

Edwin HAYES,
*Petitioner,*

*v.*

SAIF CORPORATION,
Estate of Jesus Fletes,
Gabriel Alvarez Lopez,
*Respondents,*

*and*

DEPARTMENT OF CONSUMER
AND BUSINESS SERVICES,
*Intervenor.*

(92-02935, 92-02586, 92-01344; CA A81345)

889 P2d 359

Adam T. Stamper argued the cause for petitioner. With him on the briefs was Cowling & Heysell.

Michael O. Whitty, Special Assistant Attorney General, argued the cause for respondent SAIF Corporation. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Roger Ousey argued the cause for respondent Estate of Jesus Fletes. On the brief were Julie Zuver Ellickson and Bischoff & Strooband, P.C.

Bruce D. Smith argued the cause and filed the brief for respondent Gabriel Alvarez Lopez.

Stephanie Striffler, Assistant Attorney General, argued the cause for Intervenor Department of Consumer and Business Services. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and De Muniz, Judges.

EDMONDS, J.

## EDMONDS, J.

Edwin Hayes seeks review of an order that declares him to be a subject and noncomplying employer, and assesses a civil penalty against him. ORS 656.740. The Department of Consumer and Business Services (DCBS), formerly the Department of Insurance and Finance, issued an order of noncompliance against Hayes. Hayes sought review before a referee of the Hearings Division. ORS 656.740(3). The referee affirmed the order, and Hayes appealed to the Workers' Compensation Board. The Board dismissed for lack of jurisdiction, ruling that review was directly to this court. Hayes seeks remand to the Board for *de novo* review of the referee's decision or, in the alternative, reversal of the referee's decision. We remand to the Board for *de novo* review.

The referee found that Hayes is a retired individual who operates a small beef-raising business. In 1991, he had 20 head of cattle on land that he either owned or leased. On occasion, he would pay individuals to help him maintain his property or perform work related to his business. Since 1989, he has hired workers to help him haul hay for the cattle. In early September, 1991, he hired a group of men to help him. He did not discuss with the men what he would pay them, but testified that he intended to pay each of them $5 per truckload of hay. Over the course of three days, no fewer than nine truckloads of hay were hauled. On the third day, the work crew was riding on top of the hay loaded on a flatbed truck. The driver of the truck made a sharp turn to avoid a collision and, as a result, the hay and the workers fell off the truck. One worker was killed and another was injured. Later that day, Hayes gave $215 in cash to his tenant to give to the workers. Hayes contends that only $195 of that sum was for labor and the remainder was extra "to buy groceries or whatever" because he felt badly about the accident. DCBS investigated the accident and determined that Hayes was a subject and noncomplying employer, and that the workers (claimants) were subject employees under ORS 656.027.[1] Accordingly,

---

[1] ORS 656.027 provides, in part:

"All workers are subject to this chapter except those nonsubject workers described in the following subsections:

"* * * * *

"(3)(a) A worker whose employment is casual and either:

DCBS issued an order of noncompliance and assessed a penalty against Hayes. Thereafter, SAIF accepted the claims made by claimants.

Upon notification of the director's order, Hayes requested a hearing on that order, as well as a hearing on SAIF"s acceptance of the claims. Based on the agreement of the parties, the hearings were consolidated. The only dispute concerned whether the amount of compensation paid to claimants was $200 or more in a 30-day period. At the hearing, Hayes stipulated that the truck accident occurred in the course and scope of claimants' employment and that, "if [claimants] are subject workers under * * * [ORS 656.027(3)], then the proposed order [of noncompliance] stands, and SAIF"s acceptance of the claims also stands."

Hayes argues that the Board erred in refusing to exercise jurisdiction over the appeal of the referee's decision and to review it *de novo*. The Board held that it lacked jurisdiction to review the referee's order, because it determined, based on Hayes' stipulation, that the issue at the hearing before the referee was confined to whether Hayes was a subject employer. As a result, it concluded that the referee's order constituted a final order of DCBS and that review was properly in this court. *See* ORS 656.740(4). Hayes contends that he is entitled to Board review because, at the hearing before the referee, he contested SAIF"s acceptance of the claims as well as DCBS's proposed order declaring him to be a noncomplying employer.

ORS 656.740(4)(c) provides:

"When an order declaring a person to be a noncomplying employer is contested at the same hearing as a matter concerning a claim pursuant to ORS 656.283 and 656.704, the review thereof shall be as provided for a matter concerning a claim."

---

"(A) The employment is not in the course of the trade, business or profession of the employer; or

"(B) The employment is in the course of the trade, business or profession of a nonsubject employer.

"(b) For the purpose of this subsection, 'casual' refers only to employments where the work in any 30-day period, without regard to the number of workers employed, involves a total labor cost of less than $200."

Our task in interpreting a statute is to discern the intent of the legislature. *PGE v. Bureau of Labor Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). We first examine the text and context of the statute, including other provisions of the same statutory scheme. If the legislature's intent is clear from that inquiry, we need proceed no further, because the text of a statutory provision is the best evidence of the legislature's intent. *State ex rel Juv. Dept. v. Ashley*, 312 Or 169, 174, 818 P2d 1270 (1991).

■    ORS 656.704(3) provides, in part:

"For the purpose of determining the respective authority of the director and the board to conduct hearings, investigations and other proceedings under this chapter, and for determining the procedure for the conduct and review thereof, *matters concerning a claim under this chapter are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue.*" (Emphasis supplied.)

Thus, under the statutory scheme, a worker's right to receive compensation or the amount thereof must be "directly in issue" in order to constitute "a matter concerning a claim" under ORS 656.740(4)(c).

We conclude that Hayes' stipulation did not have the effect of precluding the Board's jurisdiction under ORS 656.740(4)(c). Despite the stipulation, claimants' rights to receive compensation remained "directly in issue," because whether claimants were "casual workers" within the meaning of ORS 656.027(3) affected not only Hayes' status as a subject employer, but also claimants' status as subject workers. It follows that the Board had jurisdiction to review the order.

Reversed and remanded.